FILED
HARRISBURG, PA

OCT 3 0 2019

PER_____

DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | NO. 1:16-CR-212 |
| | : | |
| v. | : | (CHIEF JUDGE CONNER) |
| | : | |
| **CHRISTOPHER JOHNSON,** | : | (electronically filed) |
| Defendant. | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered by the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant. Any reference to the United States or to the Government in this Agreement shall mean the Office of the United States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. <u>Guilty plea</u>. The defendant agrees to plead guilty to Counts One, Three, Four, Five, Six, Seven, Eight, Nine, Ten and Twenty of the Second Superseding Indictment. Count One charges the defendant with a violation of Title 18, United States Code, § 1951(a), (conspiracy to commit Hobbs Act robbery). The maximum penalty for that offense is imprisonment for a period of 20 years, a fine of $250,000.00, a maximum term of

supervised release of 3 years, which shall be served at the conclusion of, and in addition to, any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, and an assessment in the amount of $100.

Counts Two charges the defendant with a violation of Title 18, United States Code, § 1951(a), (Hobbs Act robbery).  The maximum penalty for that offense is imprisonment for a period of 20 years, a fine of $250,000.00, a maximum term of supervised release of 3 years, which shall be served at the conclusion of, and in addition to, any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, and an assessment in the amount of $100.

Counts Three, Four and Five charge the defendant with a violation of Title 18, United States Code, §§ 924(j) and 924(c), (use of a firearm during a crime of violence resulting in death). The maximum penalty for that offense on each count is death or

life imprisonment, a fine of $250,000.00, a maximum term of supervised release of 5 years, which shall be served at the conclusion of, and in addition to, any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, and an assessment in the amount of $100.

Count Six charges the defendant with a violation of Title 18, United States Code, § 1958, (interstate travel to commit a murder for hire).  The maximum penalty for that offense is death or life imprisonment, a fine of $250,000.00, a maximum term of supervised release of 5 years, which shall be served at the conclusion of, and in addition to, any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, and an assessment in the amount of $100.

Counts Seven, Eight and Nine charge the defendant with a violation of Title 18, United States Code, § 1512 (a)(1)(C), (killing a witness to a federal offense to prevent communication

3

to a federal law enforcement officer). The maximum penalty for that offense is death or life imprisonment, a fine of $250,000.00, a maximum term of supervised release of 5 years, which shall be served at the conclusion of, and in addition to, any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, and an assessment in the amount of $100.

Count Ten charges the defendant with a violation of Title 18, United States Code, § 922 (g), (felon in possession of a firearm). The maximum penalty for that offense is imprisonment for a period of 10 years, a fine of $250,000.00, a maximum term of supervised release of 3 years, which shall be served at the conclusion of, and in addition to, any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, and an assessment in the amount of $100.

4

Count Twenty charges the defendant with a violation of Title 18, United States Code, § 1512 (k), (conspiracy to kill a witness to a federal offense to prevent communication to a federal law enforcement officer).  The maximum penalty for that offense is death or life imprisonment, a fine of $250,000.00, a maximum term of supervised release of 5 years, which shall be served at the conclusion of, and in addition to, any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, and an assessment in the amount of $100.

At the time the guilty plea is entered, the defendant shall admit to the court that the defendant is, in fact, guilty of the offenses charged in these counts.  After sentencing, the United States will move for dismissal of any remaining counts of the indictment against the defendant.  The defendant agrees, however, that the United States may, at its sole election, reinstate any dismissed charges, or seek additional charges, in the event that any guilty plea entered or sentence imposed

pursuant to this Agreement is subsequently vacated, set aside, or invalidated by any court. The defendant further agrees to waive any defenses to reinstatement of any charges, or to the filing of additional charges, based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground. The calculation of time under the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Plea Agreement.

2. <u>Mandatory Minimum Sentence</u>. Counts Three, Four and Five carry a mandatory minimum period of imprisonment of 10 years. The mandatory minimum sentence on this count shall be imposed to run consecutively to any other term of imprisonment imposed on the defendant. Counts Seven, Eight, and Nine carry a mandatory minimum period of Life imprisonment.

3. <u>Term of Supervised Release</u>. The defendant understands that the court must impose a term of supervised release following any sentence of imprisonment exceeding one year, or when required by statute. The court may require a term of supervised

6

release in any other case. In addition, the defendant understands that as a condition of any term of supervised release or probation, the court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

4. <u>Maximum Sentence – Multiple Counts</u>. The defendant understands that the total, maximum possible sentence for all charges is the combination of penalties described above; that is, death or life imprisonment and/or fines totaling $2,500,000.00, 5 years of supervised release, the costs of prosecution, denial of certain federal benefits and an assessment totaling $1,000.00.

5. <u>No Further Prosecution, Except Tax Charges</u>. The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense(s) described above. However, nothing in this Agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

## B. Fines and Assessments

6. <u>Fine</u>. The defendant understands that the court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the court, in full, may be considered a breach of this Plea Agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, § 3611, et seq.

7. <u>Alternative Fine</u>. The defendant understands that under the alternative fine section of Title 18, United States Code, § 3571, the maximum fine quoted above may be increased if the court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

8

8. <u>Inmate Financial Responsibility Program</u>.  If the court orders a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary, and up to 50% of the balance of the defendant's inmate account, and apply that amount on the defendant's behalf to the payment of the outstanding fine and restitution orders.

9. <u>Special Assessment</u>.  The defendant understands that the court will impose a special assessment of $100 on each count, pursuant to the provisions of Title 18, United States Code, § 3013.  No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle District of Pennsylvania.  If the defendant intentionally fails to make this payment, that failure may be treated as a

9

breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

10. <u>Collection of Financial Obligations</u>.  In order to facilitate the collection of financial obligations imposed in connection with this case, the defendant consents and agrees:

    a.   to fully disclose all assets in which the defendant has an interest or over which the defendant has control, directly or indirectly, including those held by a spouse, nominee, or other third party;

    b.   to submit to interviews by the Government regarding the defendant's financial status;

    c.   to submit a complete, accurate, and truthful financial statement, on the form provided by the Government, to the United States Attorney's Office no later than 14 days following entry of the guilty plea;

    d.   whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive

any prohibition against communication with a represented party by the Government regarding the defendant's financial status;

e.  to authorize the Government to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the court; and

f.  to submit any financial information requested by the Probation Office as directed, and to the sharing of financial information between the Government and the Probation Office.

## C. Sentencing Guidelines Calculation

11. Determination of Sentencing Guidelines.  The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines, which took effect on November 1, 1987, and its amendments, as interpreted by *United States v. Booker*, 543 U.S. 220 (2005), will apply to the offense or offenses to which the defendant is pleading guilty.  The defendant further agrees that any legal and factual issues relating to the

11

application of the Federal Sentencing Guidelines to the defendant's conduct, including facts to support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the court after briefing, a pre-sentence hearing, and/or a sentencing hearing.

12. <u>Acceptance of Responsibility– Three Levels</u>.  If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a three-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The failure of the court to find that the defendant is entitled to a three-level reduction shall not be a basis to void this Plea Agreement.

## D. Sentencing Recommendation

13. Specific Recommendation of Sentence.  The United States and the defendant agree to recommend that the Court impose consecutive life sentences for Counts Three, Four, Five, Six, Seven, Eight, Nine and Twenty as being the only appropriate sentence under all the facts and circumstances of this case. The defendant agrees to affirmatively ask the court to impose those consecutive life sentences.  He further agrees not to seek a variance or departure from consecutive sentences of life imprisonment to a term of years. The defendant understands that this is a material part of the plea agreement and if breached by the defendant would allow the United States to withdraw from this plea agreement.

14. Destruction Order/Waivers.  The defendant further agrees, should the United States deem it appropriate, to the destruction of the items seized during the course of the investigation.  The defendant agrees that the items may be destroyed by the investigative agency with or without a court order authorizing

13

the destruction of the items seized. If the United States determines that a destruction order should be obtained, the defendant and defendant's counsel hereby concur in a motion for such an order. The defendant further agrees to waive all interest in the assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the defendant is hereby withdrawn. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of forfeiture in the judgment.

## E.  Victims' Rights and Restitution

15. <u>Victims' Rights</u>.  The defendant understands that pursuant to the Victim and Witness Protection Act, the Crime Victims' Rights Act, the Justice for All Act, and the regulations promulgated under those Acts by the Attorney General of the United States, crime victims have the following rights:

   a.  The right to be reasonably protected from the accused;

   b.  The right to reasonable, accurate, and timely notice of any public court proceeding or any parole proceeding involving the crime, or of any release or escape of the accused;

   c.  The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be altered materially if the victim heard other testimony at that proceeding;

   d.  The right to be reasonably heard at any public hearing in the district court involving release, plea, sentencing, or any parole proceeding.  The defendant understands that the victim's comments and recommendations at any of these

15

proceedings may be different than those of the parties to this Agreement;

e.   The reasonable right to confer with the attorney for the Government in the case.  The defendant understands that the victim's opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this Agreement;

f.   The right to full and timely restitution as provided for by law.  The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the court is authorized to order restitution by the defendant including, but not limited to, restitution for property loss, economic loss, personal injury, or death;

g.   The right to proceedings free from unreasonable delay; and

16

h.   The right to be treated with fairness and with respect for the victim's dignity and privacy.

16. <u>Restitution</u>.  The defendant acknowledges that, pursuant to the Mandatory Restitution Act of April 24, 1996, Title 18, United States Code, § 3663A, the court is required in all instances to order full restitution to all victims for the losses those victims have suffered as a result of the defendant's conduct.  The defendant also agrees that the Government will seek and the court may impose an order of restitution as to victims of the defendant's relevant conduct, to include, among other things, burial/funeral expenses.  With respect to the payment of restitution, the defendant further agrees that, as part of the sentence in this matter, the defendant shall be responsible for making payment of restitution in full, unless the defendant can demonstrate to the satisfaction of the court that the defendant's economic circumstances do not allow for the payment of full restitution in the foreseeable future, in which case the defendant will be required to make partial restitution

17

payments.  In addition to the schedule of payments that may be established by the court, the Defendant understands and agrees that, pursuant to the Mandatory Victims Restitution Act of 1996 and the Justice For All Act of 2004, victims of Federal Crime are entitled to full and timely restitution.  As such, these payments do not preclude the government from using other assets or income of the Defendant to satisfy the restitution obligation.  The Defendant understands and agrees that the United States Attorney's Office, by and through the Financial Litigation Unit, has the obligation and the right to pursue any legal means, including but not limited to, submission of the debt to the Treasury Offset Program, to collect the full amount of restitution owed to the victim(s) in a timely fashion.  Although the defendant may reserve the right to contest the amount of restitution owed, the defendant agrees to take all steps to facilitate collection of all restitution, including submitting to debtor's exams as directed by the Government.  Towards this goal, the defendant agrees to waive any further notice of

18

forfeiture and agrees that the United States may, at its sole election, elect to pursue civil and/or criminal forfeiture in the amount of the victim restitution owed in this case, and the court may enter both a restitution order and a forfeiture judgment in the amount of any unpaid restitution found by the court to be due and owing at the time of sentencing in this matter. The defendant consents to the filing of any civil complaint or superseding information which may be necessary to perfect a forfeiture order and further stipulates and agrees that the defendant's guilty plea constitutes an admission to all matters legally and factually necessary for entry of a forfeiture order in this case. The parties agree that any restitution payments obtained by the United States or the victim will be applied by the United States to reduce both the restitution obligation in this case and the amount of the outstanding forfeiture order entered by the court. The parties further agree that the Government will recommend that any assets recovered through forfeiture proceedings be remitted to crime victims to reduce the

19

defendant's restitution obligation in this case. The defendant

acknowledges that the making of any payments does not

preclude the Government from using other assets or income of

the defendant to satisfy the restitution obligations. The

defendant understands that the amount of restitution

calculated for purposes of Chapter 5 of the Sentencing

Guidelines might be different from the amount of loss calculated

for purposes of Chapter 2 of the Sentencing Guidelines.

**F.** <u>**Information Provided to Court and Probation Office**</u>

17. <u>Background Information for Probation Office</u>. The defendant

understands that the United States will provide to the United

States Probation Office all information in its possession that the

United States deems relevant regarding the defendant's

background, character, cooperation, if any, and involvement in

this or other offenses.

18. <u>Objections to Pre-Sentence Report</u>. The defendant understands

that pursuant to the United States District Court for the Middle

District of Pennsylvania "Policy for Guideline Sentencing" both

20

the United States and defendant must communicate to the
Probation Officer within 14 days after disclosure of the pre-
sentence report any objections they may have as to material
information, sentencing classifications, sentencing guideline
ranges, and policy statements contained in or omitted from the
report.  The defendant agrees to meet with the United States at
least five days prior to sentencing in a good faith attempt to
resolve any substantive differences.  If any issues remain
unresolved, they shall be communicated to the Probation Officer
for inclusion in an addendum to the pre-sentence report.  The
defendant agrees that unresolved substantive objections will be
decided by the court after briefing, or a pre-sentence hearing, or
at the sentencing hearing where the standard or proof will be a
preponderance of the evidence, and the Federal Rules of
Evidence, other than with respect to privileges, shall not apply
under Fed. R. Evid. 1101(d) (3), and the court may consider any
reliable evidence, including hearsay.  Objections by the

21

defendant to the pre-sentence report or the court's rulings, will not be grounds for withdrawal of a plea of guilty.

19. <u>Relevant Sentencing Information</u>.  At the sentencing, the United States will be permitted to bring to the court's attention, and the court will be permitted to consider, all relevant information about the defendant's background, character and conduct, including the conduct that is the subject of the charges that the United States has agreed to dismiss.  The United States will be entitled to bring to the court's attention and the court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

20. <u>Non-Limitation on Government's Response</u>.  Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendant.  Nor does this Agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the

22

defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

## G. Breach of Plea Agreement by Defendant

21. Breach of Agreement. In the event the United States believes the defendant has failed to fulfill any obligations under this Agreement, then the United States shall, in its discretion, have the option of petitioning the court to be relieved of its obligations. Whether the defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the court in an appropriate proceeding during which any disclosures and documents provided by the defendant shall be admissible, and during which the United States shall be required to establish any breach by a preponderance of the evidence. .

22. Remedies for Breach. The defendant and the United States agree that in the event the court concludes that the defendant has breached the Agreement:

23

a. The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

b. The United States will be free to make any recommendations to the court regarding sentencing in this case;

c. The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea.  The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy, or other similar grounds.

23. <u>Violation of Law While Plea or Sentence Pending</u>.  The defendant understands that it is a condition of this Plea Agreement that the defendant refrain from any further violations of state, local, or federal law while awaiting plea and sentencing under this Agreement.  The defendant acknowledges

24

and agrees that if the government receives information that the defendant has committed new crimes while awaiting plea or sentencing in this case, the government may petition the court and, if the court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: (a) withdraw from this Agreement; or (b) make any sentencing recommendations to the court that it deems appropriate. The defendant further understands and agrees that, if the court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Plea Agreement, and the government will be permitted to bring any additional charges that it may have against the defendant.

## H. Transfer of Information to IRS

24. Transfer of Case to IRS. The defendant agrees to interpose no objection to the United States transferring evidence or

providing information concerning the defendant and/or this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, law enforcement agencies and licensing and regulatory agencies.

25. <u>Collection Action by IRS</u>. Nothing in this Agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties due from the defendant arising out of or related in any way to the offenses identified in this Agreement.

26. <u>Rule 6(e) Order for Transfer of Information to IRS</u>. The defendant agrees to interpose no objections to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of the defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

27. <u>Cooperation with IRS</u>.  The defendant agrees to fully comply
and cooperate with the Internal Revenue Service by filing all
delinquent or amended tax returns by the date of the
defendant's sentencing, and to timely file all future returns,
which may come due during the term of incarceration, probation
or supervised release.  The defendant also agrees to cooperate
with the Internal Revenue Service by furnishing the Internal
Revenue Service with all information pertaining to the
defendant's assets and liabilities, as well as all documentation
in support of tax returns filed by the defendant during the term
of any sentence imposed pursuant to this guilty plea.  The
defendant further agrees to pay all taxes, interests, and
penalties due and owing to the United States and otherwise
fully comply with the tax laws of the United States.  The
defendant understands, and agrees, that this requirement of
full compliance with federal tax laws may be made a condition
of any probation or supervised release imposed in this case.

27

## I.  Appeal Waiver

28. Appeal Waiver – Direct.  The defendant is aware that Title 28, United States Code, § 1291 affords a defendant the right to appeal a judgment of conviction and sentence; and that Title 18, United States Code, § 3742(a) affords a defendant the right to appeal the sentence imposed.  Acknowledging all of this, the defendant knowingly waives the right to appeal the conviction and sentence.  This waiver includes any and all possible grounds for appeal, whether constitutional or non-constitutional, including, but not limited to, the manner in which that sentence was determined in light of *United States v. Booker*, 543 U.S. 220 (2005).  The defendant further acknowledges that this appeal waiver is binding only upon the defendant and that the United States retains its right to appeal in this case.

## J.  Other Provisions

29. No Civil Claims or Suits.  The defendant agrees not to pursue or initiate any civil claims or suits against the United States of

28

America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation, if any, covered by this Agreement, including but not limited to any claims for attorney's fees and other litigation expenses arising out of the investigation and prosecution of this matter. By the defendant's guilty plea in this matter the defendant further acknowledges that the Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

30. <u>Plea Agreement Serves Ends of Justice</u>. The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

31. <u>Merger of All Prior Negotiations</u>. This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the

defendant in this case, and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, whether written or oral. This agreement cannot be modified other than in writing that is signed by all parties or on the record in court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written Plea Agreement.

32. Defendant is Satisfied with Assistance of Counsel. The Defendant agrees that the defendant has discussed this case and this plea agreement in detail with the defendant's attorney who has advised the defendant of the defendant's Constitutional and other trial and appeal rights, the nature of the charges, the elements of the offenses the United States would have to prove

30

at trial, the evidence the United States would present at such trial, possible defenses, the advisory Sentencing Guidelines and other aspects of sentencing, potential losses of civil rights and privileges, and other potential consequences of pleading guilty in this case. The defendant agrees that the defendant is satisfied with the legal services and advice provided to the defendant by the defendant's attorney.

33. <u>Deadline for Acceptance of Plea Agreement</u>. The original of this Agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., October 24, 2019, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

34. <u>Required Signatures</u>. None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and then signed by the United States Attorney or his designee.

31

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

10/23/19
Date

CHRISTOPHER JOHNSON
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

10/23/19
Date

MARC BOOKMAN, ESQUIRE

s/Chris Adams
CHRIS ADAMS, ESQUIRE
Counsel for Defendant

10/30/19

DAVID J. FREED
United States Attorney

10/30/19
Date

By:

WILLIAM A. BEHE
Assistant United States Attorney

WAB/ale/10-11-2019

32